## 11778

### GRAY v. BEAUFORT COUNTY LUMBER CO.

#### (128 S. E., 167)

NEGLIGENCE—QUESTION OF NEGLIGENT INJURY TO FENCE AND LAND HELD FOR JURY.—In action against purchaser of timber for negligent and wilful injury to fence and land, where defendant in answer denied negligence and wilfulness, and set up that it had agreed to repair injury, but been prevented from doing so, it was error to direct verdict for defendant on ground that there was no evidence of negligence, in view of plea of contract to repair and that performance had been prevented by plaintiff.

Before MEMMINGER, J., Dillon, March, 1924. Reversed and new trial ordered.

Action by Elsie R. Gray against Beaufort County Lumber Company. Judgment for defendant, and plaintiff appeals.

*Mr. Joe P. Lane,* for appellant, cites: *Money admitted to be due, nonsuit error:* 121 S. E., 373. *Ordinary negligence:* 20 R. C. L., 6, *et seq.*

*Messrs. Gibson & Muller,* for respondent, cite: *Negligence when proved:* 99 S. C., 158.

June 1, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The plaintiff bought a tract of land, on which was standing timber purchased by the defendant. When the defendant cut his timber, there was injury done to the pasture fence of the plaintiff. The plaintiff brought this action, alleging negligence, and willful injury to the fence and land. In its answer the defendant denied negligence and willfulness, and set up that it had agreed to repair the injury, but had been prevented from doing so by the plaintiff. At the close of the evidence the defendant moved for a direction of a verdict for the defendant. This motion was granted, on the ground that there was no evidence of negligence or willfulness.

This was error, in that it overlooked the contract to repair the damage done to the land and the plea that the performance of its contract had been prevented by the plaintiff. This presented a question for the jury.

The judgment appealed from is reversed and a new trial ordered.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION concur.

NOTE. The foregoing opinion was written by the late Mr. Justice Fraser, and is adopted as the judgment of the Court; the opinion *pro forma* being presented by me.